### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

———

WES WINTERS and KAY GOFFENA
WINTERS,  f/d/b/a
WES WINTERS RESORT PARK,

                Plaintiffs,

           vs.                                 No. CIV. 97-0346  BB/LCS

THE CHARTER OAK FIRE INSURANCE
COMPANY, a subsidiary of THE TRAVELERS
INSURANCE COMPANIES, INC.,
Connecticut corporations authorized to do
business in New Mexico; INSURANCE
SOLUTIONS, INC., d/b/a BROWN, SELIGMAN
& THOMAS, f/d/b/a BUNDY, SELIGMAN &
THOMAS, and ADJUSTMENT SERVICES, INC.,

                Defendants.

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Insurance Solutions, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 48), and on Plaintiffs' Motion to Amend the First Amended Complaint (Doc. 52).  Having reviewed the submissions of the parties, including ISI's April 20, 1998 Response to Defendant's Charter Oaks' Motion for Summary Judgment and Request for Ruling on Pending Motion to Dismiss (Doc. 83), and other evidence submitted in connection with the briefing of summary judgment motions filed April 17 and 20, 1998, and the relevant law, the Court finds that Plaintiffs' Motion to Amend should be GRANTED, and that Defendant Insurance Solutions, Inc.'s Motion to Dismiss the First Amended Complaint is therefore moot.

I.  **Facts and Procedural History**

In this diversity action, plaintiffs sued Charter Oak Fire Insurance Company for unfair

trade practices, bad faith, breach of contract, negligence and prima facie tort, after Charter Oak

refused to pay a property damage claim.  In September 1997, Magistrate Judge Smith granted

plaintiffs' motion to join two additional parties as defendants, including insurance broker

Insurance Solutions, Inc. (hereafter "ISI), and to file a First Amended Complaint.

ISI filed this Motion to Dismiss, asserting that the First Amended Complaint fails to state

a claim against ISI.  In response, Plaintiffs filed their Motion to Amend the Complaint and to file a

Second Amended Complaint, seeking to hold ISI responsible for its alleged negligence and breach

of contract in failing to include prior claims information in the application for insurance which ISI

filled out on plaintiffs' behalf, and failing to obtain the coverage requested by plaintiffs or notify

them that the coverage was deficient.

II.  **Analysis.**

The granting of leave to amend a complaint is discretionary with the Court and "shall be

freely given when justice so requires," Fed. R. Civ. P. 15(a);  Gillette v. Tansy, 17 F.3d 308, 312

(10th Cir.1994); however, ISI argues that it would be futile to allow the amendment, because the

new claims would themselves be subject to dismissal or summary judgment.

"Futility of amendment" is an appropriate ground for refusing to grant leave to amend.

Foman v. Davis, 371 U.S. 178, 182 (1962).  If the plaintiff "clearly would be unable to allege or

prove a claim" against the defendant under its proposed theory of liability, denial of the motion to

amend would be appropriate.  Triplett v. LeFlore County, 712 F.2d 444 (10th Cir. 1983);

Bauchman v. West High School, 132 F.3d 542 (10th Cir. 1997).  Plaintiffs' proposed Second

Amended Complaint, while perhaps not artfully pled, does state claims against ISI in the counts asserting negligence and breach of contract in fulfilling the duties and obligations of an insurance broker; furthermore, the parties have raised sufficient factual issues so that summary judgment would not be inevitable on these claims.  The amendment would therefore not be "futile."

The new allegations which plaintiffs propose to make are that ISI failed to disclose "all relevant and necessary information" on the application for insurance submitted to Charter Oak, that ISI failed to notify plaintiffs that the existing policy would not provide adequate coverage for their property, and that ISI failed to place proper coverage and failed to disclose alternative coverage to plaintiffs.  These factual allegations are cited in support of both negligence and breach of contract counts.  Although the allegation regarding failure to include all information in the application is subject to summary judgment, there are genuine issues of fact as to the claims involving failure to place adequate insurance or to notify plaintiffs they were not getting the coverage they had requested.

The "relevant and necessary information" which plaintiffs claim was omitted from their insurance application consists of earlier insurance claims made by plaintiffs on other insurance companies in 1987, 1990, and "possibly" another claim in 1992.  The insurance application clearly lists the 1987 and 1990 claims; see, "Tab 4" to Memorandum Brief in Support of Plaintiffs' Response to Motion for Summary Judgment by Defendant Charter Oak (Doc. 80).  As for the "possible" 1992 claim, the only 1992 claim evident on the record was made against Charter Oak itself and, in any case, ISI cannot be liable for any failure to include a 1992 claim on a 1990 application.

Although summary judgment, if sought, would necessarily be granted on the allegation that ISI omitted prior claims from the application, there are genuine issues of material fact as to the remaining allegations of failure to place proper coverage, failure to notify plaintiffs that the existing policy would not provide adequate coverage, and failure to disclose alternative coverage to plaintiffs.  Plaintiffs will be allowed to amend their complaint to include these claims.

Under New Mexico law, applicable in this diversity action, an insurance agent or broker can be held liable, even under an oral agreement to procure insurance, if he fails to obtain the requested coverage.  Brown v. Cooley, 56 N.M. 630, 635, 247 P.2d 868 (1952).  The liability of a broker who "undertakes to procure insurance for others and, through his fault or neglect, fails to do so," may be predicated on negligence or breach of contract, and may be based not only on failure to obtain the insurance, but also on failure to seasonably notify the person requesting coverage that he has been unable to obtain it.  Sanchez v. Martinez, 99 N.M. 66, 653 P.2d 897 (Ct. App. 1982).  Where a policy is actually issued but is at variance with the insured's stated wishes, both the broker and the insurance company have a duty to notify the insured of the variance.  Stock v. ADCO General Corp., 96 N.M. 544, 632 P.2d 1182 (Ct. App.), cert. denied, 96 N.M. 543, 632 P.2d 1181 (1981).  New Mexico courts have generally left to the jury the task of sorting out the course of dealings between an insurance agent or broker, to determine who should bear the loss if the insurance coverage is deficient.  See, e.g., Lanier v. Securities Acceptance Corp., 74 N.M. 755, 758, 398 P.2d 980 (1965); Read v. Western Farm Bureau Mut. Ins. Co., 90 N.M. 369, 563 P.2d 1162 (Ct. App. 1977); see also, Butler v. Scott, 417 F.2d 471, 473 (10th Cir. 1969).

In the proposed amended complaint, plaintiffs could have been more specific about the nature and timing of their relationship with ISI; for example, they fail to allege a date when they entered into the agreement with ISI, they do not state what coverage they requested, and they do not allege any particular assurances made by ISI as to the extent of coverage.  However, in determining whether a complaint states a claim, the court must accept the allegations as true and construe them in the light most favorable to the plaintiff and may dismiss the complaint "only if it concludes that 'the plaintiff can prove no set of facts in support of his claim to entitle him to relief.'"  Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991).  The Second Amended Complaint is sufficient to state a claim under New Mexico law governing the duties and obligations of insurance brokers.

Furthermore, ISI has failed to demonstrate that under no set of circumstances could plaintiffs recover on their claims against ISI and thus that summary judgment would be inevitable, since the evidence supplied by the parties does not eliminate any genuine issue of fact on the questions of ISI's possible liability.  The 1993 letter attached as Exhibit A to plaintiffs' reply memorandum does not eliminate an issue of fact as to the extent of coverage requested by plaintiffs back in 1990; if anything, it tends to show that they thought the policy obtained by ISI did provide coverage for the type of damage at issue in this case.  Plaintiffs assert that Exhibit B to their reply memorandum, a letter from the insurance adjuster reporting on her investigation of the 1995 water break, "suggests that Plaintiffs were charged premiums for coverage they did not really have," and therefore that ISI is liable for failing to place proper coverage or warn them of defects in the coverage.  Whether or not the letter suggests such an inference is a question which should be left to the jury.

Plaintiff Kay Goffena states in her deposition that she and plaintiff Wes Winters told an agent of ISI's that they wanted "full coverage" for the clubhouse which the subject of this lawsuit, that they had had problems in the past with insurance coverage and didn't want any "surprises" this time.  Goffena says further that no one from ISI informed her that the clubhouse would not be covered, and although the agent did not say, "I grant you this," they assumed when he went ahead and sold them the policy that he had "carr[ied] through our wishes."   See, "Tab 13" to Plaintiffs' Memorandum Brief in Support of Plaintiffs' Response to Motion for Summary Judgment by Defendant Charter Oak.  This is similar to what was done and thought by the plaintiff in Barth v. Coleman, 118 N.M. 1, 6, 878 P.2d 319 (1994), who told the broker he wanted a certain kind of coverage and thereby "did all that he thought he had to do to procure [the coverage] . . . when he communicated to Milligan the type of insurance that he needed . . ..  [T]he particular transaction in this case gave rise to a reasonable expectation the policy . . . would conform to the insurance requested."  Whether plaintiff's testimony as to what she told ISI is to be believed, and whether the parties' course of dealings gave rise to a "reasonable expectation that the policy would conform" to plaintiffs' wishes, are matters for the jury to decide.

Finally, in its Request for Ruling filed in conjunction with the recent summary judgment motions described above, ISI presents an expert opinion from an insurance professional, stating that ISI's conduct in this case conforms with industry standards.  This evidence does not compel a ruling that summary judgment would be inevitable on plaintiffs' proposed amendments; the jury could choose to disbelieve the expert or choose not to adopt his conclusion. At best, the expert evidence presented by ISI raises an issue of fact; it does not demonstrate that plaintiffs would be unable to do so, if a summary judgment motion were filed by ISI.

6

## III.  Conclusion

The Court will grant plaintiffs' Motion to Amend the First Amended Complaint, to the

extent it seeks to add claims based on failure to place proper insurance coverage as requested by

plaintiffs, failure to notify plaintiffs that they were not adequately covered, and failure to disclose

alternative coverage to plaintiffs.  Defendant ISI's Motion to Dismiss is therefore moot.  An

Order in accordance with this Memorandum Opinion will issue.

Dated at Albuquerque this 27th day of April, 1998.

BRUCE D. BLACK
United States District Judge